The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Keith HAMMONS, Defendant–Appellant.

No. 86CA0164.

Colorado Court of Appeals,
Div. VII.

Sept. 29, 1988.

Rehearing Denied Nov. 17, 1988.

Certiorari Granted (Hammons)
March 13, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Benjamin I. Sachs, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Kane & Harrington, Mary A. Kane, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

STATLER,* Judge.

Defendant, Keith A. Hammons, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1987 Cum.Supp.).

two counts of assault in the first degree. We affirm.

Defendant maintains the trial court erred in denying his motion to suppress certain statements made following his arrest. He alleges that the statements were involuntary and resulted from his hearing and speech impediments and his agitated emotional state, all of which made communication difficult. We disagree.

In determining the voluntariness of a statement, the trial court must examine the totality of the circumstances, including the atmosphere and events surrounding the statement, the defendant's conduct before and during the statement, and the defendant's mental condition at the time of the statement. *People v. Smith*, 716 P.2d 1115 (Colo.1986). Here, the trial court made extensive findings concerning the statement made in the police car following arrest, the statement made at the police station, and a statement made at a later time in the presence of a sign language interpreter.

The evidence reveals that the statements in the police car and at the police station were not made in response to interrogation by the arresting officers, but were in essence spontaneous, voluntary statements. Volunteered statements cannot be considered the result of police interrogation or its functional equivalent. *See People v. Trujillo*, 710 P.2d 1169 (Colo. App.1985) and *People v. Morgan*, 681 P.2d 970 (Colo.App.1984). Coercive police activity is a necessary predicate to the finding that a confession is not voluntary within the meaning of the Due Process Clause of the Fourteenth Amendment. *People v. Rhodes*, 729 P.2d 982 (Colo.1986). We conclude the trial court properly denied the motion to suppress these statements.

Regarding the statement made in the presence of the interpreter, we conclude an appropriate waiver was executed by the defendant. *See People v. Spring*, 713 P.2d 865 (Colo.1985), *rev'd, Colorado v. Spring*, 479 U.S. 564, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987). Hence, the trial court properly denied the motion to suppress this statement because it was made following a knowing waiver of the right against self-incrimination.

Defendant next maintains the trial court erred by failing to appoint a second interpreter, thereby denying the defendant's right to communicate with counsel. Defendant argues that the interpreter appointed by the court was occupied with interpreting the ongoing proceedings for the defendant and, therefore, was unable to interpret communications between defendant and counsel. We conclude defendant's assertion in this regard is without merit.

At the time of the charged offenses and at the time of defendant's trial, the defendant was entitled under § 13–90–201, C.R. S. to the appointment of an interpreter, however, that statute required the appointment of no more than one interpreter. *Cf.* § 13–90–201, C.R.S. (1987 Repl.Vol. 6A).

Finally, defendant contends the trial court erred in denying his motion for sanctions under Crim.P. 16. Defendant asserts that the prosecution's failure to disclose certain statements made by the defendant to law enforcement officials following his arrest violated Crim.P. 16, and that the proper sanction would have been to preclude testimony as to those statements. We disagree.

We note that an order preventing the district attorney from using certain evidence is a "harsh" sanction. *See People v. District Court*, 664 P.2d 247 (Colo.1983). Here, the trial court recessed for the day to allow defense counsel to consult with the defendant regarding this evidence. That postponement of the trial mitigated any disadvantage resulting from the untimely disclosure of this information to the defense. Also, because the substance of the statements was similar to other statements which had been disclosed, the trial court did not err by denying defendant's motion for sanctions.

JUDGMENT AFFIRMED.

PIERCE and CALVERT,* JJ., concur.